UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
ROCKFORD DIVISION

In re: COLLINS, JOHN P. § Case No. 09-73931
     COLLINS, ELIZABETH B. §
     FIRM, THE INGERSOLL §
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on September 11, 2009. The undersigned trustee was appointed on September 14, 2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of     $___14,020.45___

    Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1] | $ 14,020.45 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (10/1/2010)**

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 01/22/2010 and the deadline for filing governmental claims was 01/22/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,152.05. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,152.05, for a total compensation of $2,152.05.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 12/21/2010        By: /s/MEGAN G. HEEG
                            Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (10/1/2010)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

**Case Number:** 09-73931  
**Case Name:** COLLINS, JOHN P.  
COLLINS, ELIZABETH B.  
**Period Ending:** 12/21/10

**Trustee:** (330490) MEGAN G. HEEG  
**Filed (f) or Converted (c):** 09/11/09 (f)  
**§341(a) Meeting Date:** 10/16/09  
**Claims Bar Date:** 01/22/10

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 1823 Kings Gate | 375,000.00 | 0.00 | DA | 0.00 | FA |
| 2 | Financial accounts, financial institution shares | 150.00 | 0.00 | DA | 0.00 | FA |
| 3 | Financial accounts, financial institution shares | 95.00 | 0.00 | DA | 0.00 | FA |
| 4 | Financial accounts, financial institution shares | 500.00 | 0.00 | DA | 0.00 | FA |
| 5 | Household goods and furnishings | 2,800.00 | 0.00 | DA | 0.00 | FA |
| 6 | Wearing apparel | 600.00 | 0.00 | DA | 0.00 | FA |
| 7 | Furs and jewelry | 400.00 | 0.00 | DA | 0.00 | FA |
| 8 | Firearms, sports, photographic and hobby equip. | 250.00 | 0.00 | DA | 0.00 | FA |
| 9 | Interests in insurance policies | 6,500.00 | 0.00 | DA | 0.00 | FA |
| 10 | IRA, ERISA, Keogh, pension, profit sharing plan | Unknown | 0.00 | DA | 0.00 | FA |
| 11 | Stock and interests in businesses | 50.00 | 0.00 | DA | 0.00 | FA |
| 12 | Accounts receivable | 7,000.00 | 5,015.00 | | 5,015.00 | FA |
| 13 | Autos, trucks, trailers, other vehicles, access. | 3,000.00 | 0.00 | DA | 0.00 | FA |
| 14 | Autos, trucks, trailers, other vehicles, access. | 26,000.00 | 0.00 | DA | 0.00 | FA |
| 15 | Office equipment, furnishings, and supplies | 150.00 | 0.00 | DA | 0.00 | FA |
| 16 | Misc (unscheduled) (u)<br>Potential preference to mother, Ellen Biglore.<br>Debtors allege the amount paid was $12,000 | 0.00 | 9,000.00 | | 9,000.00 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 5.45 | Unknown |
| 17 | Assets    Totals (Excluding unknown values) | $422,495.00 | $14,015.00 | | $14,020.45 | $0.00 |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):** December 31, 2010          **Current Projected Date Of Final Report (TFR):** December 21, 2010 (Actual)

# Form 2
## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 09-73931 | | | Trustee: | MEGAN G. HEEG (330490) |
|---|---|---|---|---|---|
| Case Name: | COLLINS, JOHN P. | | | Bank Name: | JPMORGAN CHASE BANK, N.A. |
| | COLLINS, ELIZABETH B. | | | Account: | ***-*****01-65 - Money Market Account |
| Taxpayer ID #: | **-***2769 | | | Blanket Bond: | $1,500,000.00 (per case limit) |
| Period Ending: | 12/21/10 | | | Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 03/29/10 | {12} | Ellen S. Bilgore | Accounts Receivable in Debtors possession | 1129-000 | 2,507.50 | | 2,507.50 |
| 03/29/10 | | Ellen S. Bilgore | Accounts Receivable in Debtors possession | 1129-000 | 2,507.50 | | 5,015.00 |
| 03/30/10 | | Ellen S. Bilgore | Reversed Deposit 100002 1 Accounts Receivable in Debtors possession | 1129-000 | -2,507.50 | | 2,507.50 |
| 04/06/10 | Int | JPMORGAN CHASE BANK, N.A. | Current Interest Rate is 0.0500% | 1270-000 | 0.01 | | 2,507.51 |
| 04/06/10 | | Wire out to BNYM account 9200******0165 | Wire out to BNYM account 9200******0165 | 9999-000 | -2,507.51 | | 0.00 |

|  |  |  |
|---|---:|---:|
| ACCOUNT TOTALS | 0.00 | 0.00 | $0.00 |
| Less: Bank Transfers | -2,507.51 | 0.00 | |
| Subtotal | 2,507.51 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| NET Receipts / Disbursements | $2,507.51 | $0.00 | |

{} Asset reference(s)

Printed: 12/21/2010 04:08 PM   V.12.54

# Form 2

## Cash Receipts And Disbursements Record

Case Number: 09-73931
Case Name: COLLINS, JOHN P.
COLLINS, ELIZABETH B.
Taxpayer ID #: **-***2769
Period Ending: 12/21/10

Trustee: MEGAN G. HEEG (330490)
Bank Name: The Bank of New York Mellon
Account: 9200-******01-19 - Trustee Investment Acct
Blanket Bond: $1,500,000.00 (per case limit)
Separate Bond: N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Time Deposit Account Balance |
|---|---|---|---|---|---|---|---|
| 05/25/10 | | FUNDING ACCOUNT: 9200******0165 | | 9999-000 | 10,000.00 | | 10,000.00 |
| 05/28/10 | Int | The Bank of New York Mellon | Interest posting at 0.1500% | 1270-000 | 0.28 | | 10,000.28 |
| 06/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.1500% | 1270-000 | 1.24 | | 10,001.52 |
| 07/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.1500% | 1270-000 | 1.27 | | 10,002.79 |
| 08/31/10 | Int | The Bank of New York Mellon | Interest posting at 0.1500% | 1270-000 | 1.27 | | 10,004.06 |
| 09/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.08 | | 10,004.14 |
| 10/01/10 | Int | The Bank of New York Mellon | Current Interest Rate is 0.0100% | 1270-000 | 0.00 | | 10,004.14 |
| 10/01/10 | | To Account #9200******0165 | Close TIA via TIA Rollover | 9999-000 | | 10,004.14 | 0.00 |

|  |  |  |
|---|---|---|
| ACCOUNT TOTALS | 10,004.14 | 10,004.14 | $0.00 |
| Less: Bank Transfers | 10,000.00 | 10,004.14 | |
| Subtotal | 4.14 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| NET Receipts / Disbursements | $4.14 | $0.00 | |

{} Asset reference(s)

# Form 2

## Cash Receipts And Disbursements Record

Page: 3

**Case Number:** 09-73931
**Case Name:** COLLINS, JOHN P.
COLLINS, ELIZABETH B.
**Taxpayer ID #:** **-***2769
**Period Ending:** 12/21/10

**Trustee:** MEGAN G. HEEG (330490)
**Bank Name:** The Bank of New York Mellon
**Account:** 9200-******01-65 - Money Market Account
**Blanket Bond:** $1,500,000.00 (per case limit)
**Separate Bond:** N/A

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 04/06/10 | | Wire in from JPMorgan Chase Bank, N.A. account ********0165 | Wire in from JPMorgan Chase Bank, N.A. account ********0165 | 9999-000 | 2,507.51 | | 2,507.51 |
| 04/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.12 | | 2,507.63 |
| 05/17/10 | {16} | Ellen S. Bilgore | Compromise with Ellen Biglore | 1229-000 | 9,000.00 | | 11,507.63 |
| 05/25/10 | | ACCOUNT FUNDED: 9200******0119 | | 9999-000 | | 10,000.00 | 1,507.63 |
| 05/28/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.25 | | 1,507.88 |
| 06/14/10 | {12} | Catholic Heathcare West | accounts receivable | 1129-000 | 2,507.50 | | 4,015.38 |
| 06/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.17 | | 4,015.55 |
| 07/07/10 | | Richard T. Jones | attorneys fees pursuant to agreed order dated 7/7/10 (deposited in error) | 9999-000 | 400.00 | | 4,415.55 |
| 07/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.25 | | 4,415.80 |
| 08/31/10 | Int | The Bank of New York Mellon | Interest posting at 0.0700% | 1270-000 | 0.26 | | 4,416.06 |
| 09/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.03 | | 4,416.09 |
| 10/01/10 | | From Account #9200******0119 | Close TIA via TIA Rollover | 9999-000 | 10,004.14 | | 14,420.23 |
| 10/29/10 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.11 | | 14,420.34 |
| 11/30/10 | Int | The Bank of New York Mellon | Interest posting at 0.0100% | 1270-000 | 0.11 | | 14,420.45 |
| 12/21/10 | 11001 | Ehrmann Gehlbach Badger & Lee | deposited in error- money should have been paid to law firm per court order | 9999-000 | | 400.00 | 14,020.45 |

|  |  |  |
|---|---|---|
| ACCOUNT TOTALS | 24,420.45 | 10,400.00 |
| Less: Bank Transfers | 12,911.65 | 10,400.00 |
| Subtotal | 11,508.80 | 0.00 |
| Less: Payments to Debtors | | 0.00 |
| NET Receipts / Disbursements | $11,508.80 | $0.00 |

$14,020.45

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****01-65 | 2,507.51 | 0.00 | 0.00 |
| TIA # 9200-******01-19 | 4.14 | 0.00 | 0.00 |
| MMA # 9200-******01-65 | 11,508.80 | 0.00 | 14,020.45 |
| | $14,020.45 | $0.00 | $14,020.45 |

{} Asset reference(s)

Printed: 12/21/2010 04:08 PM    V.12.54

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-73931
Case Name: COLLINS, JOHN P.
Trustee Name: MEGAN G. HEEG

**Balance on hand:** $ 14,020.45

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 14,020.45

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - MEGAN G. HEEG | 2,152.05 | 0.00 | 2,152.05 |
| Attorney for Trustee, Fees - Ehrmann Gehlbach Badger & Lee | 2,010.00 | 0.00 | 2,010.00 |
| Attorney for Trustee, Expenses - Ehrmann Gehlbach Badger & Lee | 244.25 | 0.00 | 244.25 |

Total to be paid for chapter 7 administration expenses: $ 4,406.30
Remaining balance: $ 9,614.15

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 9,614.15

UST Form 101-7-TFR (10/1/2010)

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims:  $  0.00
Remaining balance:  $  9,614.15

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 99,769.68 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 9.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | 6,536.90 | 0.00 | 629.92 |
| 2 | Chase Bank USA, N.A. | 17,487.93 | 0.00 | 1,685.19 |
| 3 | Chase Bank USA, N.A. | 6,407.90 | 0.00 | 617.49 |
| 4 | ComEd | 1,013.42 | 0.00 | 97.66 |
| 5 | FIA CARD SERVICES, NA/BANK OF AMERICA | 10,545.53 | 0.00 | 1,016.20 |
| 6 | FIA CARD SERVICES, NA/BANK OF AMERICA | 14,228.29 | 0.00 | 1,371.09 |
| 7 | FIA CARD SERVICES, NA/BANK OF AMERICA | 19,338.17 | 0.00 | 1,863.49 |
| 8 | Sallie Mae | 23,759.45 | 0.00 | 2,289.54 |
| 9 | Capital Recovery III LLC As Assignee of FIFTH THIR | 182.09 | 0.00 | 17.55 |
| 10 | Ashley Funding Services LLC its successors and | 270.00 | 0.00 | 26.02 |

Total to be paid for timely general unsecured claims:  $  9,614.15
Remaining balance:  $  0.00

UST Form 101-7-TFR (10/1/2010)

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

UST Form 101-7-TFR (10/1/2010)